**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BRIAN HOARE Individually and on Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>       v.<br><br>ODDITY TECH LTD., ORAN HOLTZMAN, LINDSAY DRUCKER MANN, SHIRAN HOLTZMAN-EREL, MICHAEL FARELLO, LILACH PAYORSKI, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, ALLEN & COMPANY, BOFA SECURITIES INC., BARCLAYS CAPITAL INC., TRUIST SECURITIES, INC., JMP SECURITIES LLC, and KEYBANC CAPITAL MARKETS INC.,<br><br>                   Defendants. | **Case No. 1:24-CV-06571-MMG**<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>** |

**TABLE OF CONTENTS**

INTRODUCTION..............................................................................................................1

FACTUAL BACKGROUND .........................................................................................2

ARGUMENT ................................................................................................................ 4

A.     Under the Rules of Civil Procedure, Motions to Amend the Pleading to Conform to the Evidence Should Be "Freely Granted" ......................................... 4

B.     Plaintiffs Should Be Granted Leave to File the Amended Complaint.................... 6

    1.     Plaintiffs Did Not Delay Filing this Motion................................................ 6

    2.     There is No Substantial Prejudice to Defendants ....................................... 7

    3.     The Proposed Amendments Are Not Futile ................................................ 8

CONCLUSION ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Agerbrink v. Model Serv. LLC*,
155 F. Supp. 3d 448 (S.D.N.Y. 2016) ................................................................................. 11

*Attestor Value Master Fund v. Republic of Argentina*,
940 F.3d 825 (2d Cir. 2019) ................................................................................................. 9

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993) ............................................................................................ 9, 11

*City of Syracuse v. Onondaga Cnty.*,
464 F.3d 297, 308 (2d Cir.), *certified question accepted,* 7 N.Y.3d 863, 857 N.E.2d 1133 (2006) ..... 10

*DeWan v. Seiderman*,
No. 17 Civ. 1315 (ER), 2017 WL 6048816, at *5 (S.D.N.Y. Dec. 5, 2017) ....................... 11

*Doe v. Cnty. of Rockland*,
No. 21-CV-6751 (KMK), 2022 WL 2533151, at *3 (S.D.N.Y. July 7, 2022) ............... 12, 13

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
282 F.3d 83 (2d Cir. 2002) ................................................................................................... 9

*Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*,
No. 1:20-CV-10699-MKV, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) ......... 10, 13

*Foman v. Davis*,
371 U.S. 178 (1962) .............................................................................................................. 8

*Foster v. UPS Freight, Inc.*,
No. 18-CV-10294, 2020 WL 5350446, at *5 (S.D.N.Y. Sept. 4, 2020) ................................ 8

*Francisco v. Abengoa, S.A.*,
559 F. Supp. 3d 286 (S.D.N.Y. 2021) ................................................................................. 11

*Friedl v. City of N.Y.*,
210 F.3d 79 (2d Cir. 2000) ............................................................................................. 8, 12

*FTD Corp. v. Banker's Tr. Co.*,
954 F. Supp. 106, 109 (S.D.N.Y. 1997) ............................................................................... 9

*Johnson v. Bryson*,
851 F.Supp.2d 688 (S.D.N.Y.2012) .................................................................................... 10

*Joint Stock Co. v. Infomir LLC*,
No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) ...... 10

*Jones v. N.Y. Div. of Mil. Naval Aff.*,
166 F.3d 45 (2d Cir. 1999) ................................................................................................... 8

*Livingston v. Trustco Bank*,
No. 120-CV-1030, 2021 WL 6199655, at *3 (N.D.N.Y. Apr. 23, 2021) ......................... 12, 13

*Loc. 3621, EMS Offs. Union, DC-37, AFSCME, AFL-CIO v. City of N.Y.*,
No. 18-CV-4476, 2021 WL 1750847, at *2 (S.D.N.Y. Feb. 3, 2021). ................................. 12

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160 (2d Cir. 2015) ............................................................................................ 5, 9

*MacDraw, Inc. v. CIT Grp Equip. Fin., Inc.*,
157 F.3d 956 (2d Cir. 1998) .................................................................................................. 8

*McCormick v. Spano*,
No. 19-CV-2916 (KMK), 2021 WL 6052161, at *1 (S.D.N.Y. Dec. 20, 2021) ................... 9

*Metcalf  v. TransPerfect Translations Int'l, Inc.*,
No. 19-CV-10104, 2023 WL 2674743, at *4 (S.D.N.Y. Mar. 29, 2023) .............................. 13

No. 18CIV10294NSRLMS, 2022 WL 370070 (S.D.N.Y. Feb. 8, 2022) ..................................... 9

No. 18CIV10294NSRLMS, 2022 WL 656778 (S.D.N.Y. Mar. 4, 2022) ..................................... 9

*Pangburn v. Culberston*,
200 F.3d 65 (2d Cir. 1999) .................................................................................................. 12

*Pettaway v. Nat'l Recovery Sols., LLC*,
955 F.3d 299 (2d Cir. 2020) ............................................................................................... 10

*Williams v. Citigroup Inc.*,
659 F.3d 208 (2d Cir. 2011) ................................................................................................... 9

*Winter v. Stronghold Digital Mining, Inc.*,
686 F. Supp. 3d 295 (S.D.N.Y. 2023) ................................................................................. 13

**Statutes**

15 U.S.C. § 77k .................................................................................................................... 5

15 U.S.C. § 77m ................................................................................................................... 8

15 U.S.C. § 77t .................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 15(a)(2) ......................................................................................................... 8

Fed. R. Civ. P. 15(b)(2) ..................................................................................................... 8, 10

Fed. R. Civ. P. 21 .................................................................................................................. 9

**INTRODUCTION**

Plaintiffs respectfully move for leave to amend their complaint following Defendants' motion to dismiss filed on April 21, 2025 (ECF No. 59). The proposed Second Amended Complaint ("Amended Complaint") as well as a redline to the current operative Amended Complaint (ECF No. 36) ("Operative Complaint") are attached to the Notice of Motion as Exhibits A and B. The proposed amendment provides additional detail regarding the securities offerings made by Defendant ODDITY Tech Ltd. as well as share price declines that occurred during the Class Period. Specifically, the proposed amendment adds allegations concerning a second registration statement filed by ODDITY on March 15, 2024 (the "2024 Registration Statement"). The 2024 Registration Statement was substantially identical to the ODDITY registration statement filed for its July 19, 2023 initial public offering (the "2023 Registration Statement") that is referenced in the Operative Complaint. The Amended Complaint alleges that the 2024 Registration Statement contains statements that are substantially identical to the those contained in the 2023 Registration Statement that are false and misleading for the same reasons. Thus, the proposed amendments, which affect only the claims alleged pursuant to Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77t do not materially affect the alleged misleading statements made by ODDITY or other Defendants nor is there any modification to the Class Period. The 2024 Registration Statement was signed by one additional ODDITY Director and had two additional underwriters. The Amended Complaint also proposes to add them as defendants.

In the Second Circuit, motions to amend are to be "freely granted", particularly when—as here—the amendment is proposed in response to legal arguments challenging the legal sufficiency of an operative complaint. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190-91 (2d Cir. 2015) (granting leave to amend complaint to address pleading defects identified following a motion to dismiss). Such amendments give "Plaintiffs the opportunity to demonstrate

1

that their claims deserve to be decided on the merits". *Id*. at 191. Plaintiffs' motion is thus timely as it is being made shortly after Defendants' motion to dismiss was filed. Further, as the fundamental nature of the claims alleged against Defendants is unchanged and no discovery has yet been undertaken, Defendants would suffer no undue prejudice from the Amended Complaint. Defendants do not suffer any undue prejudice following the amendment. Finally, Plaintiffs' motion is not futile. The newly added allegations clarify the circumstances in which false and misleading registration statements were filed by ODDITY during the Class Period as well as certain price declines experienced by ODDITY shares that address the arguments based on Defendants' negative causation affirmative defense raised in their motion to dismiss.

Accordingly, Plaintiffs' Motion for Leave to File Amended Complaint should be granted.

## FACTUAL BACKGROUND

On July 19, 2023, ODDITY conducted its initial public offering. For the IPO, ODDITY filed the 2023 Registration Statement with the Securities & Exchange Commission. *See* Operative Complaint at ¶¶ 112-30. On March 15, 2024, ODDITY conducted a secondary offering where certain of its shareholders sold their ODDITY shares pursuant to the 2024 Registration Statement. *See* Amended Complaint (Ex. 1) at ¶¶ 105-112.

On May 21, 2024, a short seller report was published by Ningi Research, alleging that ODDITY had failed to disclose to investors the extent of its retail operations in Israel, the existence of pending lawsuits against it in both the United States and Israel, and had misrepresented its nature as a technology company to investors. *See* Operative Complaint at ¶¶ 9, 199.

On July 19, 2024, a complaint was filed against ODDITY and Defendants Michael Farello, Oran Holtzman, Shiran Holtzman-Erel, Lindsay Drucker Mann, and Lilach Payorski in the United States Court for the Eastern District of New York. (ECF No. 1). The case was transferred to the United States

Court for the Southern District of New York on August 30, 2024. (ECF No. 8). Together with Plaintiffs, Defendants negotiated and submitted the Stipulation and Order Regarding Scheduling and Acceptance of Service (the "CMO") on December 18, 2024. The Court entered the CMO on December 19, 2024 (ECF No. 35).

Pursuant to the deadlines in the CMO, Plaintiffs filed the Operative Complaint on February 18, 2025. (ECF No. 36). The Operative Complaint alleged that, among other things, Plaintiffs discovered Defendants' misrepresentations and omissions on May 21, 2024, when the corrective disclosure – the Ningi Report – was published. *Id.* ¶ 201. The Operative Complaint also added claims pursuant to sections 11 and 15 of the Securities Act against the Defendants as well as adding as new Defendants the underwriters of ODDITY's IPO. *Id.*

Together with Plaintiffs, Defendants negotiated and submitted the second Stipulation and Order Regarding Scheduling and Acceptance of Service on April 2, 2025 (the "Amended CMO"). The Amended CMO included an agreement by which the new Underwriter Defendants agreed to file a response to the Operative Complaint on April 21, 2025, the same date as the original Defendants, and that Plaintiffs would respond by June 23, 2025. The Court entered the Amended CMO on April 3, 2025 (ECF No. 54).

On April 21, 2025, all Defendants filed a joint motion to dismiss (ECF No. 59). The Motion to Dismiss included an argument that the Securities Act claims should be dismissed because Defendants can conclusively establish their negative causation affirmative defense based on the pleadings. (ECF. No. 60 at 26-27). In response, Plaintiffs seek leave to file an amended complaint with additional allegations that will address this specific argument. Unfortunately, Plaintiffs were unable to finalize the proposed Amended Complaint during the 14-day window for filing an amended complaint following a motion to dismiss provided by Rule 6 of this Court's Individual

3

Rules and Practices. Nevertheless, a draft Amended Complaint with a redline showing changes to the Operative Complaint was provided to Defendants on May 14, 2025 but they have been unable to provide a response to Plaintiffs' request that they consent to its filing. Due to the possibility of a statute of limitation defense becoming available on May 21, 2025 (one year from the publication of the Ningi Report),[1] Plaintiffs were compelled to file this motion now. Plaintiffs will confer with Defendants regarding any potential modification to the current schedule. Plaintiffs, however, believe that if Defendants consent to the requested amendment then there would be sufficient time for supplemental briefing before Plaintiffs' opposition to Defendants' motion to dismiss is due on June 23, 2025.

## ARGUMENT

### A.    Under the Rules of Civil Procedure, Motions to Amend the Pleading Should Be "Freely Granted"

A party may move at any time—even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. Fed. R. Civ. P. 15(b)(2). Motions to amend should be "freely granted". *Friedl v. City of N.Y.*, 210 F.3d 79, 88 (2d Cir. 2000). In general, "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Id.* (citing *Jones v. N.Y. Div. of Mil. Naval Aff.*, 166 F.3d 45, 50 (2d Cir. 1999) (futility); *MacDraw, Inc. v. CIT Grp Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) (delay or prejudice)).

"The Supreme Court has expounded upon Rule 15(a)'s liberality by suggesting that it is preferential for a plaintiff to be 'afforded an opportunity to test his [or her] claims on the merits.'" *Foster v. UPS Freight, Inc.*, No. 18-CV-10294, 2020 WL 5350446, at *5 (S.D.N.Y. Sept. 4, 2020)

---

[1] Section 13 of the Securities Act, 15 U.S.C. § 77m, provides a one-year statute of limitations for claims brought under Section 11 of the Securities Act. The one-year limitations period begins once a plaintiff discovers the facts constituting the alleged violation. *Id.*

(quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Indeed, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (noting that "the 'permissive standard' of Rule 15 'is consistent with our strong preference for resolving disputes on the merits.'") (quoting *Williams v. Citigroup Inc*., 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam))." " The degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party." *McCormick v. Spano,* No. 19-CV-2916 (KMK), 2021 WL 6052161, at *1 (S.D.N.Y. Dec. 20, 2021)(quoting *Foster v. UPS Freight, Inc.*, No. 18CV10294 (NSR)(LMS), 2020 WL 5350446, at *5 (S.D.N.Y. Sept. 4, 2020), *report and recommendation adopted,* No. 18CIV10294NSRLMS, 2022 WL 370070 (S.D.N.Y. Feb. 8, 2022), and *report and recommendation adopted,* No. 18CIV10294NSRLMS, 2022 WL 656778 (S.D.N.Y. Mar. 4, 2022)). A proposed amendment to a pleading may be denied as futile if the amended claim could not withstand a motion to dismiss. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). "We have been particularly skeptical of denials of requests to amend when a plaintiff did not previously have a district court's ruling on a relevant issue". *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019).

Plaintiffs also seek to add additional defendants to this proceeding by naming an additional ODDITY director and two underwriters as parties. Rule 21 of the Federal Rules of Civil Procedure permits such joinder "at any time, on just terms." Fed. R. Civ. P. 21. In practice, this is the same liberal standard as applies to proposed amendments under Rule 15. *FTD Corp. v. Banker's Tr. Co.*,

5

954 F. Supp. 106, 109 (S.D.N.Y. 1997) ("Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.")(quotations and citations omitted); *see also City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir.), *certified question accepted,* 7 N.Y.3d 863, 857 N.E.2d 1133 (2006), and *certified question withdrawn,* 9 N.Y.3d 888, 874 N.E.2d 728 (2007)("the court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action."); *Johnson v. Bryson*, 851 F.Supp.2d 688, 703 (S.D.N.Y.2012) ("[T]he showing necessary under Rule 21 is the same as that required under Rule 15(a).")

## B. Plaintiffs Should Be Granted Leave to File the Amended Complaint.

### 1. Plaintiffs Did Not Delay in Filing this Motion.

Fed. R. Civ. P. 15(b)(2) permits amendment even post-trial. ("A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."). Here, because no dates for trial nor deadlines for discovery or summary judgment have yet been set, Plaintiffs are moving to amend well in advance of trial and before any discovery has even been served. A proposed amended complaint was provided to defendants just 23 days after the motion to dismiss was filed and 40 days before Plaintiffs are scheduled to file their opposition to the motion to dismiss. Thus, there has been no undue delay in bringing this motion. *See Joint Stock Co. v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (finding no undue delay where plaintiffs moved for leave to amend twenty-four days after defendant moved to dismiss and before any defendant answered complaint). Even where a proposed amendment might moot a pending motion to dismiss, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*,

6

No. 1:20-CV-10699-MKV, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021); *see also  Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020) ("when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint.").

### 2.    There is No Substantial Prejudice to Defendants.

The opposing party bears the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454-55 (S.D.N.Y. 2016).    Denying leave to amend a complaint requires not just prejudice but *undue* prejudice. *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 314 (S.D.N.Y. 2021). The Second Circuit has warned that, "[i]n determining what constitutes 'prejudice,' [courts should] consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute[.]" *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Amendment of a complaint before discovery is completed is less likely to cause undue prejudice. *Agerbrink*, 155 F. Supp. 3d at 454-55. "Notably, the prospect of spending more time, or money on litigation—including through additional discovery and motion practice—does not render an amended complaint unduly prejudicial." *Francisco*, 559 F. Supp. 3d at 314.

Defendants will not suffer undue prejudice if leave is granted to file the Amended Complaint. The only prejudice Defendants can plausibly articulate is that they will have to expend time and resources opposing this motion (if they are so inclined) or in drafting additional motion to dismiss papers. But "the time, effort and money [the party opposing amendment] expended in litigating th[e] matter . . . do[es] not arise to . . . 'substantial prejudice[.]'" *Block*, 988 F.2d at 351. Moreover, no

discovery has taken place in this action to date. *See DeWan v. Seiderman,* No. 17 Civ. 1315 (ER), 2017 WL 6048816, at \*5 (S.D.N.Y. Dec. 5, 2017) (granting motion for leave to amend complaint, holding that "Defendant cannot state that he is surprised by this claim, or that he is unduly prejudiced since discovery has not begun").

Here, the Amended Complaint does not allege any new causes of action, add any substantively new misrepresentations or omissions, or change the Class Period. While it adds alleged misrepresentations and omissions in the 2024 Registration Statement, these misrepresentations and omissions are substantively identical to those allegedly contained in the 2023 Registration Statement and alleged in the Operative Complaint.[2] Instead, the amendment only serves to expand the context in which ODDITY filed allegedly misleading registration statements to enable its shares to be sold to the public and the market reaction to those offerings. As such, there can be "no showing of . . . prejudice to the defendants, given the minimal extent of the proposed changes." *Friedl*, 210 F.3d at 88. *See also Livingston v. Trustco Bank*, No. 120-CV-1030, 2021 WL 6199655, at \*3 (N.D.N.Y. Apr. 23, 2021) ("To the extent that plaintiff's proposed amended complaint merely elaborates on its original claims, the Court believes that the interest of justice will be served by granting plaintiff's motion to amend.").

### 3. The Proposed Amendments are Not Futile.

The additional allegations in the Third Amended Complaint are not futile. The burden for establishing futility is on Defendants. *See Doe v. Cnty. of Rockland*, 2022 WL 2533151, at \*4 ("The opposing party must establish that granting leave to amend would be futile."). "Where a party opposes leave to amend on 'futility' grounds, the appropriate legal standard is whether the proposed [amendment] fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard." *Loc. 3621, EMS*

---

[2] The Amended Complaint also makes some non-substantive corrections to other portions of the Operative Complaint to address typographical and formatting issues.

*Offs. Union, DC-37, AFSCME, AFL-CIO v. City of N.Y.*, No. 18-CV-4476, 2021 WL 1750847, at *2 (S.D.N.Y. Feb. 3, 2021).

Thus, the Second Circuit has held that leave to amend may be denied on the basis of futility only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culberston*, 200 F.3d 65, 71 (2d Cir. 1999) (citation and internal quotation marks omitted). The trial court will generally "not deny leave to amend based on futility unless  the proposed amendment is clearly frivolous or legally insufficient." *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19-CV-10104, 2023 WL 2674743, at *4 (S.D.N.Y. Mar. 29, 2023). The futility analysis under Rule 15, however, "is not, in short, a substitute for a motion to dismiss or a motion for summary judgment." *Livingston v. Trustco Bank*, No. 120CV1030GTSDJS, 2021 WL 6199655, at *2 (N.D.N.Y. Apr. 23, 2021); *see also Doe*, 2022 WL 2533151, at *5 ("When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment.")(quotations and citations omitted); *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 1:20-CV-10699-MKV, 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021)("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.").

Here, the newly added allegations relate to claims pursuant to the Securities Act arising from ODDITY's 2023 and 2024 Registration Statements. Specifically, they address a motion to dismiss the claim based on an affirmative defense asserted by Defendant, not any deficiency in the claim as pleaded by Plaintiffs. It is an "unusual" case where "negative causation is apparent on the face of the Complaint" so that dismissal on a negative causation defense is appropriate at the motion to dismiss

phase. *Winter v. Stronghold Digital Mining, Inc.*, 686 F. Supp. 3d 295, 310 (S.D.N.Y. 2023). This is not that unusual case or, in any event, that determination should await proper briefing on a motion to dismiss. Accordingly, the proposed amendment should not be denied on the basis of futility.

## CONCLUSION

For the above reasons, Plaintiffs' Motion for Leave to Amend the Complaint should be granted.

Dated: May 20, 2025                                                    Respectfully submitted,


                                        **LEVI & KORSINSKY, LLP**

                                        */s/ Nicholas Porritt*

                                        Nicholas I. Porritt
                                        33 Whitehall St, 17th Floor
                                        New York, NY 10004
                                        Tel: (212) 363-7500
                                        Fax: (212) 363-7171
                                        nporritt@zlk.com

                                        *Counsel for Lead Plaintiff Alex Gordon*


                                        **POMERANTZ LLP**
                                        Jeremy A. Lieberman
                                        J. Alexander Hood II
                                        James M. LoPiano
                                        600 Third Avenue, 20th Floor
                                        New York, NY 10016
                                        Tel: (212) 661-1100
                                        Fax: (917) 463-1044
                                        jalieberman@pomlaw.com
                                        ahood@pomlaw.com
                                        jlopiano@pomlaw.com

                                        *Counsel for Plaintiff Brian Hoare*

10

**CERTIFICATE OF COMPLIANCE WITH WORD-COUNT**

I hereby certify that the foregoing document has been prepared using the Microsoft Word word-processing program and the word count function contained in Word calculates that the total words in this document, including footnotes but excluding the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 3,078 words and, therefore, it does not exceed the Court's limit of 8,750 words for memoranda of law.

*/s/ Nicholas Porritt*
Nicholas I. Porritt