# CRAVATH

Yonatan Even
yeven@cravath.com
T+1-212-474-1958
New York

April 6, 2026

*Hoare, et ano. v. Oddity Tech. Ltd., et al.*, No. 24-cv-06571-MMG

Dear Judge Garnett:

        I write on behalf of all Defendants in the above-entitled matter to provide recent supplemental authority in support of Defendants' Joint Motion to Dismiss.  (Dkt. 76.)  The Second Circuit issued *Knapp v. Barclays PLC*, No. 25-1631, a *per curiam* but precedential decision, on March 24, 2026.  (See Exhibit A.)  *Knapp* confirms that Plaintiffs' Section 11 claims based on shares purchased following Oddity's Secondary Public Offering ("SPO") should be dismissed because Plaintiffs fail to plead any facts tracing those shares to a particular Registration Statement.

        Defendants' Joint Motion showed that Plaintiffs' Complaint does not plead any facts tracing any shares purchased following Oddity's SPO to either of the two Registration Statements at issue in their Complaint.  (Dkt. 77 at 20-23; Dkt. 82 at 9-10.)  Instead, the Complaint makes conclusory statements that Plaintiffs can trace shares to both Registration Statements, but does not back up those statements with any factual allegations showing that a trace to either Registration Statement is plausible.  (Dkt. 77 at 21-22.)  Plaintiffs' Opposition did not seriously dispute that their Complaint lacked such facts, but argued that precedent in this District allows Plaintiffs to plead traceability in generic terms.  (Dkt. 81 at 28-30 & n.7.)

        *Knapp* confirms that the traceability element of a Section 11 claim is subject to the same pleading standards that courts generally apply under Rule 12(b)(6), including that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  (Slip op. at 7 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)  Applying these principles, *Knapp* affirmed the dismissal of the Section 11 claims because the plaintiffs "failed to plead any facts tracing *their* ETNs [exchange traded notes]" to a challenged Registration Statement.  (*Id.* at 17.)

        *Knapp* also confirms that "[b]ecause section 11 focuses on securities issued under 'a particular registration statement,' plaintiffs must first plead that they acquired securities '*traceable* to [that] allegedly defective . . . statement."  (*Id.* at 13-14 (quoting *Slack Techs., LLC v. Pirani*, 598 U.S. 759, 767, 770 (2023) (alterations other than first in original)).)  Plaintiffs'

**NEW YORK**                  **LONDON**                  **WASHINGTON, D.C.**            CRAVATH, SWAINE & MOORE LLP

Two Manhattan West       100 Cheapside            1601 K Street NW
375 Ninth Avenue         London, EC2V 6DT         Washington, D.C. 20006
New York, NY 10001       T+44-20-7453-1000        T+1-202-869-7700
T+1-212-474-1000         F+44-20-7860-1150        F+1-202-869-7600
F+1-212-474-3700

conclusory allegations that they can trace shares to both Registration Statements are insufficient to support Plaintiffs' post-SPO Section 11 claims under Second Circuit precedent.

Respectfully submitted,

/s/ Yonatan Even

Yonatan Even

The Honorable Margaret M. Garnett
United States District Judge, Southern District of New York
40 Foley Square
New York, NY 10007

ENCL.

Copy to:

All Counsel of Record (via ECF)